POLAND VS LOVE.

Opinion rendered June 14, 1907.

(103 S. W. Rep. 759).

1. *Assignments—Check Made on Deposits.*

> A bank check given in the ordinary form, which merely directs payment of a certain sum of money to payee or order, does not constitute an assignment of that amount to the drawer, without presentation.

2. *Writ of Error—Interpleader.*

> Judgment is final where a defendant answered and failed to appear the judgment which was rendered against him and reversal cannot be claimed by interpleader by writ of error on plea of irregularities at the trial between plaintiff and defendant.

Error to the United States Court for the Southern District of the Indian Territory; before Justice Townsend, June 28, 1905.

Action by L. H. Love against the Ardmore Stock Exchange, in which W. P. Poland interpleaded. Judgment was rendered for plaintiff, and interpleader brings error. Affirmed.

*Potter, Bowman & Potter,* for plaintiff in error.

*W. O. Davis* and *R. E. Thomason,* for defendant in error.

CLAYTON, J. This is a suit brought by defendant in error as plaintiff against the Ardmore Stock Exchange. The plaintiff in error, W. P. Poland, was an interpleader in that case. The defendant, the Ardmore Stock Exchange, has not appealed. The case was tried to the court; a jury having been waived by the parties. As the defendant has not appealed, it is not necessary to state the facts arising on the issues between the plaintiff and defendant further than to state that the suit was on an account. An attachment was sued out, and writ of garnishment served on the First National Bank of Ardmore, in which defendant had a deposit. Prior to the service of the writ of garnishment the defendant had executed a check on the

bank in favor of the interpleader, but the bank was not notified of the transaction, nor was the check presented to the bank for payment until several days after the writ of garnishment was served; and, when presented, the bank refused payment because the writ of garnishment had been served upon it prior to the presentation of the check. The interpleader claimed that the money in the bank was deposited by defendant to meet the payment of the check, and that the transaction operated as an equitable assignment of it to him, and, upon the trial of the case for the first time, the court so held. The case was appealed to this court under the style of Love vs Ardmore Stock Exchange, 82 S. W. 721, 5 Ind. Ter. 202, 67 L. R. A. 617 and, this court taking a different view of the matter, it was reversed and remanded, and a new trial had, resulting in a judgment against the defendant and the interpleader, from which judgment the interpleader brings the case here by writ of error.

At the trial the court found the facts to be: "(1) That on the 23rd day of January, 1899, the plaintiff filed suit against the Ardmore Stock Exchange, for the sum of $300.00, due upon open account, in the United States Commissioner's Court for the southern district of the Indian Territory at Ardmore; that at the same time he filed proper affidavits and bonds and caused an order of attachment to issue against the defendant and caused a writ of garnishment to issue, which was served upon the garnishee on said 23rd day of January, 1899; that the affidavit for attachment and garnishment as originally filed did not disclose the individual names of the Ardmore Stock Exchange, but on February 2, 1899, said affidavits were amended in the court below by alleging defendant, Ardmore Stock Exchange, was composed of W. D. Peak and John S. O'Mealy, and that on this day the plaintiff dismissed this cause as to John S. O'Mealy, and amended the affidavits by showing the Ardmore Stock Exchange is composed of W. D. Peak alone. (2) I find from the evidence that at and prior to the filing of

this suit, the said W. D. Peak resided in Ft. Worth, Tex.; and owned and run a business in Ardmore, known as the Ardmore Stock Exchange, with John S. O'Mealy as manager, that all dealings had with plaintiff was in the name of Ardmore Stock Exchange, with John S. O'Mealy as manager, and that the plaintiff had no notice that Peak run said business in any other name. (3) That defendant was indebted to the plaintiff upon open account on January 23rd in the sum of $300.00, exclusive of interest, and is entitled to judgment against the defendant, Ardmore Stock Exchange, and W. D. Peak, in the sum of $300.00, with interest thereon from January 23rd, 1899, at the rate of 6 per centum per annum, and that the attachment herein as against defendant must be sustained on the ground that W. D. Peak is a nonresident of this Indian Territory. (4) I find that the money deposited in the bank in the name of John S. O'Mealy, manager, was deposited by W. D. Peak by O'Mealy as manager, and that O'Mealy made all deposits for said Peak in said bank in his, O'Mealy's, name, as manager." Upon the theory that the facts were somewhat different at the last trial than at the previous one, we are asked to hold under the facts as they now appear that the execution of the check under the circumstances created an equitable assignment by the defendant to the interpleader of the fund in the bank upon which the check was drawn; but, upon a careful comparison of the testimony adduced at the two trials, we fail to discern any material difference, and, being satisfied with the views expressed by the opinion in that case, we adhere to the judgment then entered, and refer to that case for a full expression of our views upon the question.

The interpleader also undertakes to avoid the effect of the judgment against him by showing what he claims to be such irregularities at the trial in the suit between the plaintiff and the defendant that the case should be reversed on that account. If it be conceded, and it is not, that there was reversible error

in that branch of the case, the answer is that the defendant has not appealed. An unappealed final judgment upon the record of the court stands against him. It appears that the "Ardmore Stock Exchange" was first sued, without naming the individual partners of the company. The complaint was amended to show that the defendant, Peak and his manager, O'Mealy, were partners, doing business under that name. It later developed that Peak alone was the company and that O'Mealy was only his manager, and plaintiff dismissed as to O'Mealy, and Peak answered, acknowledging the debt, but strove to avoid it by alleging that his business was some sort of a gambling concern. His answer brought him into court, and gave it jurisdiction of his person.

No matter how irregular the proceeding which preceded it may have been the judgment was against the right man, and, as he has failed to appeal, it is final; and the only thing before us is as to whether the money deposited by the defendant in the First National Bank of Ardmore, which has been attached in the suit, was, as against the interpleader, subject to the payment of the debt; and, as we held when it was here before that it was, and finding no error in the record the judgment of the court below is affirmed.

GILL, C. J., and LAWRENCE, J., concur.